UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - - -x

In re: :

JAMES R. URBAN, JR. : BK No. 06-11527
Debtor Chapter 11

- - - - - - - - - - - - - - - - - -x

**ORDER DIRECTING DEBTOR TO EXECUTE CLOSING DOCUMENTS, ETC.**

Heard on the Motion of Timothy Curry and Steven Ouellett (the "Purchasers") to compel the Debtor to execute documents and to cooperate in a closing regarding property of the bankruptcy estate on Prudence Island, Rhode Island (the "Property"). On June 1, 2007, the Debtor caused to be filed a Notice of Intended Sale, indicating that he wished to sell the Property to the Purchasers for $600,000. The Notice of Sale contained a Purchase and Sale Agreement duly executed by the Debtor and the Purchasers, and provided that the sale was subject to Bankruptcy Court Approval. The Notice also allowed other interested parties the opportunity to make higher bids for the Property. Pursuant to the Notice of Sale, the Debtor received a higher bid and an auction was held at the Bankruptcy Court on June 28, 2007. Curry and Ouellett were the highest bidders and agreed to pay $755,000 for the Property. The Debtor asked the Court to approve the sale, and on July 10, 2007, an Order entered approving the sale to the Purchasers for $755,000.

The Debtor has refused to attend a scheduled closing or to execute closing documents. At hearings conducted on the instant

motion, the Debtor indicated, without proof, that he may have a buyer willing to pay substantially more (approximately twice the agreed upon purchase price) for the Property. On August 17, 2007, at a preliminary hearing on the Motion to Compel, the Court advised the Debtor that he should be prepared to present his opposition to the motion at a continued hearing on September 5, 2007.[1] The Debtor appeared at the September 5 hearing without new counsel, but presented no evidence in support of his allegation that the sale price was too low. There is no suggestion that the auction process was conducted improperly, or that the Purchasers are not acting in good faith. Quite to the contrary, both Purchasers, who are abutting owners of the Property, have refinanced their personal residences in order to acquire the Property. Obviously, to allow the Debtor to walk away from his contract without reason would be severely prejudicial to the Purchasers.

Therefore, upon consideration of the evidence, the arguments and the record in this case, the Motion to Compel is GRANTED, and it is ORDERED: (1) that James R. Urban, Jr., shall execute all required documents for the transfer of the Property; (2) a closing

---

[1] The matter was continued as an accommodation to permit the Debtor to resolve his differences with his attorney, who was seeking to withdraw as counsel.

shall occur on or before September 19, 2007; (3) Mr. Urban shall remove his personal property within a time frame that is agreeable to the Purchasers; and (4) the Court, sua sponte, will assume that Mr. Urban has requested a stay pending appeal and DENY the same, thereby enabling Urban to immediately seek relief in the appellate forum of his choice.

Enter judgment consistent with this Order.

Dated at Providence, Rhode Island, this 6th day of September, 2007.

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 9/6/2007

# DEBTOR-IN-POSSESSION DEED

KNOW ALL MEN BY THESE PRESENT that

WHEREAS, on December 27, 2006 a Chapter 11 voluntary petition under the provisions of the United States Bankruptcy Code was filed in the United States Bankruptcy Court for the District of Rhode Island by James R. Urban, Jr.("Debtor-In-Possession"); and

WHEREAS, the administration of the debtor's estate was duly referred to the Honorable Arthur N. Votolato, Jr., Bankruptcy Judge; and

WHEREAS, on June 1, 2007, the debtor filed a Notice of Intended Sale informing all parties in interest that unless an objection was filed, he would sell his interest in the real estate located at 155 Warner Avenue and Raphael Avenue in Portsmouth, Rhode Island to Steven R. Ouellette and Timothy F. Curry upon the terms and conditions set forth in the Notice of Intended Sale; and

WHEREAS, parties in interest were given until June 25, 2007 to file any objection to the intended sale; and

WHEREAS, a higher bid was received and after an auction was held, and after a June 28, 2007 hearing was held before this Honorable Court; and

WHEREAS, an Order was entered on July 10, 2007 by the Court authorizing the sale of the debtor's interest in the property located at 155 Warner Avenue and Raphael Avenue in Portsmouth, Rhode Island, which property is described as Assessors' Plat 74, Lots 24, 23A and 23B, to Steven R. Ouellette and Timothy F. Curry for the sum of SEVEN HUNDRED FIFTY-FIVE THOUSAND AND NO/100 ($755,000.00) DOLLARS.

NOW, THEREFORE, I, **JAMES R. URBAN, JR., Debtor-In-Possession, of the Bankruptcy Estate of James R. Urban, Jr., identified as Bankruptcy Case No. BK. 06-11527 filed in the United States Bankruptcy Court for the District of Rhode Island**, whose address is **11 Saddlebrook Drive, East Greenwich, RI 02818**, hereinafter referred to as "Grantor", by virtue of the title and powers in me vested by the provisions of the United States Bankruptcy Code and for and in consideration of the sum of $755,000.00 to me in hand paid by said **STEVEN R. OUELLETTE and TIMOTHY F. CURRY, as Tenants in Common** the receipt of which is hereby acknowledged, do hereby give, grant, bargain, sell, set over, and convey unto **STEVEN R. OUELLETTE**, whose address is 79 Stawicki Road, Thompson, Connecticut 06255 and **TIMOTHY F. CURRY**, whose address is 239 Jackson Street, Newton, MA 02459 hereinafter referred to as "Grantee", free and clear of the claims of liens, encumbrances and interests therein all my right, title and interest and all of the right, title and interest of James R. Urban, Jr. as conferred

by the Order of the United States Bankruptcy Court for the District of Rhode Island in and to the following described real estate:

*Those certain lots or parcels of land with all the buildings and improvements thereon, situated at the northwest extremity of Warner Avenue and the northeasterly side of Raphael Avenue on Prudence Island in the Town of Portsmouth, County of Newport and State of Rhode Island, bounded and described as follows:*

*PARCEL ONE: Beginning at a point in the northeasterly line of Raphael Avenue and identified as Lot No. 24 on Assessor's Map 74 on Prudence Island in said Town of Portsmouth, containing 1.88 acres of land, more or less with a frontage of 208' on Raphael Avenue, a southerly boundary of 396' running southwest to northeast to Narragansett Bay, a northerly boundary of 363' running southwest to northeast bounding on Parcels Two and Three herein to Narragansett Bay, and an easterly boundary of Narragansett Avenue.*

*PARCEL TWO: Being Lot No. 23-A on Assessor's Map 74 on Prudence Island and running south to southwest from mean high water on Narragansett Bay and bounding southerly on Parcel One herein, 175' more or less, to a marker; southwest to northwest bounding westerly on Parcel Three herein 92.92' to a marker; northwest to northeast to the mean high water on Narragansett Bay 174', more or less; and northeast to southeast along Narragansett Bay 92.92' to a marker at Parcel One herein.*

*PARCEL THREE: Being Lot No. 23-B on Assessor's Map 74 on Prudence Island, beginning at the northwest corner thereof at approximate mean high water on Narragansett Bay; thence southwesterly 190', more or less, to a stone bound at the corner of land now or lately of Harry LeClair et al; thence southeasterly 108.15' to Parcel One herein, bounded westerly by land now or lately of C.J. Barre, Trustee; thence northeasterly 45' to a corner of Parcel Two herein; thence northwesterly 92.92' along Parcel Two; thence northeasterly 174', more or less, to the mean high water of Narragansett Bay; thence northerly and westerly along the mean high water of Narragansett Bay 255', more or less, to the point and place of beginning.*

This transfer is such that no R.I.G.L. §44-30-71.3 withholding is required as seller is a resident of Rhode Island.

The Grantor hereby certifies that he has complied with the smoke detector and carbon monoxide law, R.I.G.L. §23-28.35-1 *et seq.*

**IN WITNESS WHEREOF**, the said Grantor has executed these presents on the 5th day of September, 2007.

Signed, sealed and delivered
in the presence of:

Witness Signature

**JAMES R. URBAN, JR. - Grantor**
**Debtor-In-Possession**

STATE OR RHODE ISLAND
COUNTY OF Providence

In Providence on the 5th day of September, 2007, before me personally appeared **JAMES R. URBAN, JR., Debtor-In-Possession, Grantor,** to be known and known by me to be the party executing the foregoing instrument and he acknowledged said instrument, by him executed pursuant to the Order attached hereto as Exhibit A.

Notary Public
Printed Name: Armand P. Jarret Jr.
My Commission Expires: 6-24-09

Property Location:
155 Warner Avenue
Portsmouth, RI 02871

(JLA\BK\URBAN \Deed –Prudence Island Portsmouth to Ouellette and Curry)

***UNITED STATES BANKRUPTCY COURT***
***FOR THE DISTRICT OF RHODE ISLAND***
***380 Westminster Street, 6th Floor***
***Providence, RI 02903***
***www.rib.uscourts.gov***
***(401)626-3100***

**James R. Urban Jr.**

Debtor(s)

BK No. **1:06-bk-11527**

Chapter **11**

Judge: **Arthur N. Votolato**

## JUDGMENT ORDER

Pursuant to the order entered this date, judgment is hereby entered regarding;

**Order Granting Motion to Compel Debtor to Execute Deed.**

Judgment #: 1:06-bk-11527 - 119 - 118

Susan M. Thurston
Clerk, US Bankruptcy Court

Entered on Docket: **9/6/07**
Document Number: ***119 - 118***

By: **HAD**
Deputy Clerk

judgement.jsp #404